**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LAURA ISABEL FLORES,** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-00808** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **PARKER HANNIFIN** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendant.** | § | |

_____

**PLAINTIFF'S ORIGINAL COMPLAINT**
_____

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

    **NOW COMES**, Plaintiff, LAURA ISABEL FLORES (hereinafter referred to as "Plaintiff" or "Ms. Flores"), complaining of and about Defendant, PARKER HANNIFIN CORPORATION (hereinafter referred to as "Defendant" or "PHC"), and for cause of action files this Original Complaint, showing to the Court the following:

**I.
PARTIES AND SERVICE**

    1.    Plaintiff, Laura Isabel Flores, is a citizen of the United States and the State of Texas and resides in Pasadena, Harris County, Texas.

    2.    Defendant, Parker Hannifin Corporation, within the State of Texas and operating business in Houston, Harris County, Texas.

1

3.     Defendant Parker Hannifin Corporation may be served with process by serving its Registered Agent of Service: C T Corp System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136 USA.

## II.
## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2012), the Americans with Disabilities Act of 1990, ("ADA") 42 U.S.C. §§ 12102 et seq., and the Texas Commission on Human Rights Act ("TCHRA"), as Defendant discriminated against Plaintiff based on her disability and failed to accommodate her based on her disabilities.

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1).

6.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state law claims that arise under the TCHRA, codified in Chapter 21 of the Texas Labor Code. TEX LAB. Code § 21.001 *et seq.*, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy, under Article 3 of the United States Constitution.

7.     Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omission giving rise to the claim occurred.

### III.
### <u>NATURE OF ACTION</u>

8.      This is an action brought pursuant to Title VII on the grounds that Plaintiff was discriminated against on the basis of her sex and race in violation of Title VII.

9.      This action also further seeks to recover damages for Defendant's violation of the Texas Commission on Human Rights Act ("TCHRA").  Specifically, Plaintiff complains that Defendant discriminated against her on the basis of her race, sex, and disability.  Plaintiff can establish that her similarly situated counterparts were treated more favorably in violation of TCHRA.  *See* TEX. LAB. CODE § 21.008 *et seq.*

10.     This is an action brought pursuant to Title VII and TCHRA to correct and recover for Defendant's unlawful employment practices on the bases of Plaintiff's race under Title VII of the Civil Rights Act of 1964, and Defendant's retaliation against Plaintiff for her opposition to such discriminations.  This action seeks to recover damages caused to Plaintiff by Defendant's unlawful and discriminatory employment practices, including damages from Plaintiff's disciplinary actions from Defendant.

### IV.
### <u>CONDITIONS PRECEDENT</u>
### <u>EXHAUSTION OF ADMINISTRATION REMEDIES</u>

11.     All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

12.     On July 30, 2019, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on sex, retaliation, race and disability (Charge No. 460-2019-05852).

13.     Subsequently the EEOC issued Plaintiff a Notice of Right Sue, dated December 11,

2020.  Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore, this lawsuit is timely filed.

**V.**
**<u>FACTS</u>**

14.      Plaintiff was hired by PHC in March 2014 as a buyer and was a contract employee at the time. In August 2014, due to her strong work performance, Plaintiff was hired as an employee by PHC. Over the years, Plaintiff built an outstanding reputation at PHC firmly grounded upon her unquestionable work ethic and loyalty to PHC.  Steady and exemplary performance resulted in promotions for Plaintiff, and Plaintiff was promoted to the position as a Sourcing Manager at PHC.

15.      Ms. Flores suffers from Post-Traumatic Stress Disorder, Anxiety, and Hypothyroidism. She stakes medication for each of her disabilities. PHC was fully aware of Ms. Flores medical condition.

16.      In September of 2016, Plaintiff became sick while at work and had to go the emergency room. Her manager, Chris Nelson, was aware that Plaintiff had been hospitalized and thereafter began to discriminate against Plaintiff because of her disability.  This discrimination included unsatisfactory performance reviews that were unwarranted by Plaintiff's work performance.

17.      While hospitalized in September of 2016, Plaintiff communicated to her manager Chris Nelson ("Mr. Nelson") about the food she was eating. Mr. Nelson commented that she was going to be filled up with beans and rice because she was Hispanic.

18.      Plaintiff was forced to take time off in January 2017 due to a leg injury. When Ms. Flores notified Mr. Nelson, he did not take it well. In fact, Mr. Nelson falsely accused Plaintiff of

4

not previously notifying him of her need to take time off. However, Ms. Flores had already texted Mr. Nelson and called him to inform him of her medical condition and her need to take time off per her doctor's orders.

19.     On several occasions in 2018 Mr. Nelson made discriminatory and harassing remarks towards Plaintiff. As an example, in one email he stated Plaintiff was "not crazy anymore" and "is on medical cocktail".

20.     Plaintiff made several complaints to Mr. Nelson regarding his discriminatory and harassing treatment based on her disability, gender, and race.

21.     As retaliation for these protected complaints, in June 27,2018, Plaintiff was removed from the Business Continuation Plan. When Ms. Flores confronted Mr. Nelson, he falsely stated he was not aware as to why this change was happening. Later that same day Mr. Nelson took something from Ms. Flores desk, when Plaintiff went to retrieve it Mr. Nelson stated that she was stealing things because they were Hispanic.

22.     On August 17, 2018 Mr. Nelson openly disclosed Plaintiffs medical condition in a meeting to her co-workers. He disclosed information to her co-workers about her bowel movements that was embarrassing to her and caused her extreme mental anguish, anxiety, and embarrassment.  This type of harassment and retaliation did not occur to men, non-Hispanics, or non-disabled employees.

23.     On multiple occasions Plaintiff was denied opportunities for continued education and future advancement. Mr. Nelson would offered excuses such as lack of funding, however, Ms. Flores male colleagues were continuously granted these opportunities.

24.     On December 20, 2018 Plaintiff notified Mr. Nelson she had a laboratory

appointment, however, Mr. Nelson reacted negatively towards Ms. Flores needing to take time off. Plaintiff complained regarding this discrimination and retaliation, but nothing was done regarding the matter.

25.     On January 22, 2019, Plaintiff had a doctor's appointment. Mr. Nelson, in an angry and confrontational demeanor, demanded to know when Plaintiff was going to make up her time. This was in direct contradiction of company policy which allowed Plaintiff to take off the time. Plaintiff complained about this discrimination and retaliation, but no action was taken on her complaint.

26.     As a result of this discrimination and retaliation, in January 2019, Plaintiff's health worsened because of the stress and anxiety caused by Mr. Nelson's discriminatory and retaliatory actions. Ms. Flores brought her complaint to Mr. Will Gough ("Mr. Gough") PHC Human Resources Manager.

27.     On January 28, 2019, Plaintiff had a tightness in her chest, a ruptured eye vessel, along with other health issues from her disability and the exacerbation caused by Mr. Nelson's discriminatory and retaliatory actions. Ms. Flores brought this up to Mr. Nelson and he responded by saying "well I guess you're fine since you are still here."

28.     Finally, on February 1, 2019 Ms. Flores was terminated due to poor performance. However, her performance was not poor and this was a pretextual reason for termination.

**VI.**
**CAUSE OF ACTION**
**COUNT 1 – TITLE VII RACE DISCRIMINATION**

29.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as it fully set forth herein.

6

30.     Defendant intentionally engaged in unlawful employment practices of discrimination against Plaintiff on the basis of Plaintiff's race and gender.

31.     Plaintiff is a member of protected classes, namely Hispanic and female, and she was otherwise qualified for the position she was holding with Defendant.

32.     Plaintiff was subjected to adverse employment actions, including termination, and was discriminated against in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (Hispanic), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

33.     Defendant's non-Hispanic and/or male employees were treated more favorably compared to Plaintiff.

## COUNT 2 – TCHRA RACE DISCRIMINATION

34.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

35.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race, gender, and disability.

36.     Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race, disability, and gender, in violation of Texas Labor Code § 21.051 *et seq.*

## COUNT 3- TITLE VII RETALIATION

37.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

38.     Plaintiff engaged in activities protected by applicable federal and state law, namely, reported discrimination at the hands of Defendant on the basis of her race and gender.

39.     Defendant intentionally retaliated against Plaintiff because of the said complaints of race discrimination made to Defendant, subjecting Plaintiff to disciplinary actions from Defendant.

## COUNT 4 - TCHRA RETALIATION

40.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

41.     Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## COUNT 5 – ADA DISABILITY DISCRIMINATION

42.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

43.     Plaintiff hereby asserts that PHC's termination of her employment was in direct violation of the ADA and concurrent Texas law.

44.     Plaintiff alleges that she is disabled, as defined under the ADA and concurrent Texas law. Her evaluations and prescribed medicine reveal that she is protected by the ADA.

45.     Plaintiff alleges, in the alternative, that Defendant improperly regarded her as disabled, as defined by the ADA and concurrent Texas Law, insofar as the same misconceptions

8

of disability and individuals who have a mental illness or impairment. Despite her diagnosis, the plaintiff completed her work and was a good employee.

46.     Plaintiff specifically pleads her right to recover punitive damages from the Defendant under the ADA as Defendant acted with intentional and callous disregard for Plaintiff's federally protected rights. Plaintiff was discriminated against because of her ADA status during his period of employment.

## COUNT 6 – TCHRA DISABILITY DISCRIMATION

47.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48.     Defendant's conduct constitutes violations of Chapter 21, of the Texas Labor Code (the TCHRA). *See* Tex. Lab. Code §21.001 *et seq.* Specifically, Defendant has discriminated against Plaintiff because of her disabilities in violation of §§ 21.051 and 21.055 of the Texas Labor Code, which states in relevant part that:

> [a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age, the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

49.     Plaintiff's rights were violated when she was not reasonably accommodated after numerous requests. The conduct herein created a hostile work environment under the Texas law.

## COUNT 7 – ADA RETALIATION

50.     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as it fully set forth herein.

9

51.     Defendant intentionally retaliated against Plaintiff after making request for accommodation in violation of the ADA.

## VII.
## DAMAGES

52.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a)     Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. Sec. 2000e et seq., and the Texas Labor Code.

b)     Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

c)     All reasonable and necessary costs in pursuit of this suit, including attorney's fees pursuant to 42 U.S.C. Sec. 2000e et seq., and Texas Labor Code.

d)     d) Punitive damages for the intentional sex discrimination and reckless indifference to the state and federal protected rights of Plaintiff Laura Isabel Flores.

## VIII.
## JURY DEMAND

53.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Laura Isabel Flores, respectfully prays that Defendant, PARKER HANNIFIN CORPORATION, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against

Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,

kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713-742-0900
Fax: 713-742-0951
Alfonso.kennard@kennardlaw.com
**ATTORNEY FOR PLAINTIFF**
**LAURA ISABEL FLORES**

11